UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P141-R

ROGER KISKADEN                                                                                                            PLAINTIFF

v.

SCOTT A. HAAS *et al.*                                                                             DEFENDANTS

**OPINION AND ORDER**

      Plaintiff Roger Kiskaden filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff, a convicted inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"), brings suit against nine Defendants[1] broadly alleging a denial of medical treatment, proper medications, physical therapy, and a food allergy diet from January 12, 2006, until an unspecified date. As relief, he seeks money and punitive damages and "orders issued."

      Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(1), (2). Here, Plaintiff has alleged no facts involving any Defendant. He wholly fails to advise of any serious medical need or reason for medical treatment, medication, therapy or special diet; he fails to list the dates of denied treatment; and he fails to identify any persons involved in these deprivations. The Sixth Circuit has held that allegations such as these fail to state an adequate claim. *Morgan v. Church's Fried*

---

[1] Plaintiff provides summonses for two additional individuals – Susan Raffett, R.N., nurse consultant in Frankfort, Kentucky, and Chris Loftus, R.N., healthcare committee member. However, because Plaintiff fails to list Raffett and Loftus in the caption, in the parties section, or anywhere else in the complaint, the Court does not consider Raffett and Loftus to be defendants in this action.

*Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ("However, we need not accept as true legal conclusions or unwarranted factual inferences."). Because Plaintiff asserts nothing more than conclusory allegations of denied medical treatment, medication, physical therapy and diet, his complaint fails to give each Defendant fair notice of his claims against them and the grounds upon which they rest. Before dismissing the action, however, the Court will provide Plaintiff with an opportunity to amend his complaint to provide more specificity.

Accordingly, **IT IS HEREBY ORDERED** that within **30 days** from the date of entry of this Order, **Plaintiff shall amend his complaint** to provide specific facts detailing his alleged denied medical treatment, medications, physical therapy, and diet; he must describe how each Defendant violated his rights; and he must set forth the dates on which each event took place. He must also clarify the type of injunctive relief he seeks as "orders issued" fails to describe what he wants the Court to order Defendants to do. **Plaintiff must file his amendment on a court-supplied § 1983 form. The Clerk of Court is directed to affix this case number to a blank copy of the <u>January 2007 revised forms</u> for filing a prisoner § 1983 action and provide them to Plaintiff. Plaintiff is directed to use these forms to file any proposed amendments.**

Plaintiff's failure to comply with this Order within 30 days will result in dismissal of this action.

Date:

cc:     Plaintiff, *pro se*
4413.005