**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-P141-R**

**ROGER KISKADEN**                                                                                     **PLAINTIFF**

**v.**

**SCOTT A. HAAS** *et al.*                                                                     **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Roger Kiskaden filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against the following nine Defendants in their official capacities:[1] Scott A. Haas, Medical Director of the Kentucky Department of Corrections ("KDOC"); Steve B. Hiland, M.D., physician at the Kentucky State Penitentiary ("KSP"); Ron Everson, M.D., healthcare committee member in Frankfort, Kentucky; Thomas Simpson, KSP Warden; Kelly Simpson, R.N., nurse consultant in Frankfort, Kentucky; Sarah C. Sanderlin, R.N., nurse consultant in Frankfort, Kentucky; Sarah Calaway, R.N., at KSP; Patti Treat, Grievance Coordinator at KSP; and John Rees,[2] Commissioner of the KDOC. In the statement-of-claim portion of the complaint, Plaintiff listed the Sixth, Eighth, Eleventh, and Fourteenth Amendments and referenced due process, discrimination, racial bias, prejudice, atypical hardship, deliberate indifference, physical cruelty, Americans with Disabilities Act, and emotional distress syndrome. He then alleged that he was denied proper medical care and medications from January 12, 2006, until an unspecified date. In the section of the complaint pertaining to exhaustion of administrative remedies, Plaintiff

---

[1]Plaintiff provides summonses for two additional individuals – Susan Raffett, R.N., nurse consultant in Frankfort, Kentucky, and Chris Loftus, R.N., healthcare committee member. However, because Plaintiff fails to list Raffett and Loftus in the caption, in the parties section, or anywhere else in the complaint, the Court does not consider Raffett and Loftus to be defendants in this action.

[2]While Plaintiff names "John Reese" as a defendant, the Court takes judicial notice that the Commissioner of the KDOC is actually "John Rees."

reported that he grieved the following claims: improper medical care and lack of proper medications, physical therapy, and food allergy dietary meals. In addition to citing to federal law, Plaintiff also cited to Kentucky statutes. As relief, he sought money and punitive damages and "courts orders issued." On initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court concluded that Plaintiff failed to meet Federal Rule of Civil Procedure 8(a)'s notice requirement and gave Plaintiff an opportunity to amend the complaint.

In Plaintiff's amended complaint, he sues only five of the nine, originally named Defendants. Those Defendants named in the amended complaint are Dr. Haas, Dr. Hiland, Dr. Everson, Nurse Kelly Simpson, and Grievance Coordinator Treat, and they are sued only in their individual capacities. Plaintiff again requests money and punitive damages and also requests specific injunctive relief in the form of being given proper medications, a proper diet, an MRI, a shoulder brace, a back brace, and a knee brace as well as being sent to an outside bone specialist for a follow-up visit.

In the statement-of-claim portion of the amended complaint, Plaintiff reports that while incarcerated at the Eastern Kentucky Correctional Complex ("EKCC") in July 2005, he received physical therapy and pain medication prescribed by a bone specialist in March 2005 "for Back and Dislocated Right Shoulder." He also reports that while at EKCC, he was on medication for acid reflux and on a "no fish, no eggs, no milk, no cheese di[et]." He claims that since his transfer to KSP[3] on January 12, 2006, he has not received any of the medications, treatment, or diet that he was receiving at EKCC. As to the specific claims against each Defendant, Plaintiff

---

[3]Plaintiff has since been released from custody effective May 17, 2007 (DNs 15 & 16).

2

claims that Defendant Treat rejected several of his grievances stating that Plaintiff was asking for "inappropriate actions to be taken"; that Defendant Dr. Hiland "has refused to [a]cknowledge what is, was p[re]scribed befor[e] I was ship [to KSP]"; that Health Care Grievance Committee members Defendants Dr. Everson, Nurse Simpson, and Nurse Sanderlin, concurred with the informal resolution without reviewing his records; and that Defendant Dr. Haas, who Plaintiff reports has the final decision over medical grievances, agreed with the committee's findings. Plaintiff claims that none of the Defendants took the time to physically evaluate him and that no medical physical supports their findings.

*A. Legal standard*

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

## B. Federal claims

### 1. Injunctive relief

Plaintiff seeks the following injunctive relief from Defendants: proper medications, a proper diet, an MRI, a shoulder brace, a back brace, and a knee brace as well as being sent to an outside bone specialist for a follow-up visit. The record reflects that Plaintiff was released from incarceration on May 17, 2007, having completed service of his state sentence (DNs 15 & 16). An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Because Plaintiff is no longer being held at KSP, or any other institution within the KDOC, his claims for injunctive relief are moot.

### 2. Damages

#### a. Dr. Hiland, Dr. Haas, Dr. Everson, Nurse Simpson, Nurse Sanderlin

In the context of a § 1983 claim for inadequate medical care, prison personnel violate a prisoner's civil rights if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). However, not every claim of inadequate medical treatment states an Eighth Amendment violation. *Id.* at 105. The indifference must be substantial; that is, it must be an offense to evolving standards of decency. *Id.* at 106. A patient's disagreement with his physician over the proper medical treatment alleges no more than

a medical malpractice claim, which is a tort actionable in state court, but is not cognizable under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The question of whether diagnostic techniques or other forms of treatment are indicated is a classic example of a matter for medical judgment. At most, a medical decision not to order an x-ray or like measures represents medical malpractice. *Estelle*, 429 U.S. at 107. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff reports that at EKCC in July 2005, he received physical therapy and pain medication prescribed by a bone specialist in March 2005 "for Back and Dislocated Right Shoulder," and he also reports that while at EKCC, he was on medication for acid reflux and on a "no fish, no eggs, no milk, no cheese di[et]." While Plaintiff claims that he did not receive these same treatment modalities upon his transfer to KSP, he fails to allege that he has not received any treatment while at KSP or that he had any back or shoulder pain or reflux which was left untreated. Additionally, while he alleges that he did not receive the same diet at KSP as he received at EKCC, he does not claim any injury or other harm incurred as a result of a different diet. Because Plaintiff wholly fails to allege how any of the Defendant medical personnel were deliberately indifferent to a serious medical need or caused him any injury or harm, the Court must dismiss the federal claims against those Defendants.

### b. *Grievance Coordinator Treat*

Plaintiff claims that Defendant Treat (along with Defendants Haas, Everson, Simpson, and Sanderlin) rejected several of his grievances. However, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *See Alder v. Corr. Med. Servs.*, 73 Fed. Appx. 839, 841 (6th Cir. 2003) (citing *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ( "The denial of the grievance is not the same as the denial of a request to receive medical care.") and citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (["][as against defendants whose only involvement was the denial of administrative remedies], [t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts. . . .")). The federal claim against Defendant Treat will, therefore, be dismissed.

### c. *Warden Simpson, Nurse Calaway, and Commissioner Rees*

Plaintiff listed these Defendants only in the caption or parties section of the original complaint and no where referenced them in the amended complaint. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983). Because Plaintiff has alleged no facts involving Defendants Simpson, Calaway, or Rees, the Court will dismiss the federal claims against those Defendants for failure to state a claim upon which relief may be granted.

*C. State-law claims*

In his original complaint, Plaintiff broadly alleged that Defendants denied him proper medical treatment in violation of "state law. KRS. 431.200 KRS. 71:060.040.[4] Depart. of State Law." Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005

---

[4] Ky. Rev. Stat. Ann. § 431.200 is entitled "Reparation for property stolen or damaged, from person convicted," and provides that "Any person convicted of a misdemeanor or felony for taking, injuring or destroying property shall restore the property or make reparation in damages if not ordered as a condition of probation. . . ." Ky. Rev. Stat. Ann. § 71.060 pertains to "Jail personnel," and § 71.040 is entitled "Treatment of prisoners; disposition of deceased prisoners."